IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM D. POLTY,<br><br>      Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>      Respondent. | Case No. 3:21-cv-00114-RRB |

## ORDER DIRECTING SERVICE AND RESPONSE

On May 11, 2021, William D. Polty, representing himself from Goose Creek Correctional Center, filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is denying his right to a speedy trial in two ongoing state criminal cases.[1] The Court takes judicial notice[2] that Mr. Polty's state criminal cases remain ongoing, and that he is still incarcerated.[3]

---

[1] Docket 1 (citing State of Alaska Case Nos. 3AN-16-09919CR, and 3AN-18-10462CR).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[3] *See* https://records.courts.alaska.gov/eaccess/search, *State of Alaska v. William Duncan Polty*, Alaska Superior Court Case Nos. 3AN-16-09919CR, and 3AN-18-10462CR; https://vinelink.vineapps.com/search/persons.

The Alaska Superior Court record shows that, in the 2016 criminal case, the Initial Charging Document was filed on December 21, 2016, but because the case was not timely transferred to the Superior Court, the seven Class C Felony charges involving importing alcohol, making or delivering a controlled substance, possession of over 25 cannabis plants, possession of a controlled substance, criminal non-support, and selling alcohol without a license, were dismissed against Mr. Polty on March 23, 2017, and re-filed in the Superior Court on April 3, 2017.[4] In his 2018 case, Mr. Polty was arraigned on November 3, 2018, on Assault 3, a Class C Felony, and thereafter on misdemeanors, including unlawful contact in violation of a court order, and violating conditions of release.[5]

The Supreme Court for the State of Alaska and its Chief Justice have issued Special Orders regarding COVID-19 and criminal jury trials. Trials involving both felonies and misdemeanors are now being held, after being postponed beginning on March 15, 2020, when Alaska's speedy trial rule was suspended.[6]

---

[4] *Alaska v. Polty,* 3AN-16-09919CR.

[5] *Alaska v. Polty,* 3AN-18-10462CR.

[6] *See* http://www.courts.alaska.gov/covid19/index.htm#socj (*see, e.g.*, 6/21/21 Order No. 8289, and 3/15/20 Order No. 8130).

In the spring and summer of this year, vaccinations for COVID-19 were being given to Alaskans in more significant numbers,[7] and trials gradually resumed.[8]

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[9] A petitioner may properly challenge state pretrial detention under § 2241.[10] But a court must "promptly examine" a habeas petition, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..."[11] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[12]

---

[7] *See* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/16/21, 649,091 Covid-19 vaccine doses have been given in Alaska).

[8] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

[9] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[10] *See Stow v. Murashige,* 389 F.3d 880, 885-88 (9th Cir. 2004).

[11] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

The Court, therefore, reviewed the Petition and issued an Order to Show Cause requiring Mr. Polty to explain whether he has taken steps to attempt to bring his speedy trial claim in his state criminal cases.[13] In his Response to the Order to Show Cause, Mr. Polty is adamant that he has no interest in negotiating a plea, and has repeatedly sought, through his court-appointed attorneys, to go to trial to prove his innocence.[14]

## DISCUSSION

Mr. Polty states that his right to a speedy trial in his 2016 and 2018 state criminal cases has been violated, and asserts that he has requested trials to prove his innocence in his cases for years.[15] A response to this claim is required.

---

[13] Docket 6.

[14] Dockets 7, 8.

[15] Dockets 1, 7, 8. Mr. Polty states that "Alaska is using [the] Pandemic as an excuse." Docket 1 at 6-7. The Court notes that many state pre-trial petitioners have used that language in their federal petitions, most of which appear to be written in the same handwriting. Although the Court has found some of those petitions, which also include claims of conspiracies and corruption regarding the Covid-19 pandemic, to be frivolous, Mr. Polty's Petition does not include any other such language, and he appears to express genuine speedy trial concerns, rather than frivolous claims. *See, e.g., Marmolejos v. Houser*, 3:21-cv-100-RRB, Docket 6 at 6–7 ("[A]ssertions that the state courts are using 'Covid-19 to continue corruption,' that there is 'no remedy' in state court, 'only corruption,' that Covid-19 is being used as an excuse to delay, and that the Chief Justice of the Alaska Supreme Court and the Superior Court are conspiring to obstruct justice, are frivolous."); *Roland v. Houser*, 3:21-cv-135-RRB, Docket 6 at 10-11 ("[A]ssertions that the state courts have used Covid-19 as an excuse to delay trials within the last year as part of a conspiracy, are frivolous…. The Court will not grant relief based upon frivolous claims of conspiracies.").

## I. Speedy Trial Claim

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[16] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[17] 28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction[18] over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[19]

The four-part test articulated by the Supreme Court in *Barker v. Wingo*[20] is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[21] The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[22]

---

[16] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[17] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (*quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

[18] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[19] 28 U.S.C. § 2241(c)(3).

[20] *Barker v. Wingo*, 407 U.S. 514 (1972).

[21] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[22] *Id.* (citing *Barker*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F. Supp. 3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing

However, "[t]he length of delay is the threshold factor."[23] In *McNeely v. Blanas*,[24] the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[25] Given that he is incarcerated while awaiting trial on charges initially brought against him in 2016 and 2018, Mr. Polty has met the threshold factor.

For relief, Mr. Polty requests "(1) [d]ismissal with prejudice if this Court finds justifiable cause to do so[;] or (2) … [intervention] and [an] Order [to] Alaska to provide … an immediate trial."[26] If he is not brought to trial, Mr. Polty wants to be released from custody; and if given a choice, Mr. Polty prefers dismissal to a speedy trial.[27]

---

the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

[23] *United States v. Myers,* 930 F.3d 1113, 1119 (9th Cir. 2019) (citing *Doggett*, *supra*).

[24] 336 F.3d 822, 826 (9th Cir. 2003).

[25] 407 U.S. 514 (1972).

[26] Docket 1 at 8.

[27] *Id.; see also McNeely*, 336 F.3d at 832 ("Because his Sixth Amendment right to a speedy trial has been violated, Petitioner should be immediately released from custody with prejudice to re-prosecution of the criminal charges. *See Strunk v. United States,* 412

The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[28] Thus, although a state may "impose conditions on an arrestee's release, such as bail … [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[29]

Mr. Polty's request that he be released from incarceration also raises the issue of whether the state has set appropriate conditions on his release pending trial.[30] *In re Humphrey* is a recent California Supreme Court case

---

U.S. 434, 439–40 … (1973) (holding that violation of Sixth Amendment speedy trial rights requires dismissal).").

[28] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014)).

[29] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

[30] *See id.,* at *2 ("A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial.") (citing *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus); *Atkins v. People of the State of Mich.,* 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights ... whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order *or by a petition for habeas corpus.*") (emphasis added) (further citations omitted)).

addressing an appeal on a state petition for writ of habeas corpus from a pretrial detainee:

> The common practice of conditioning freedom solely on whether an arrestee can afford bail is unconstitutional. Other conditions of release — such as electronic monitoring, regular check-ins with a pretrial case manager, community housing or shelter, and drug and alcohol treatment — can in many cases protect public and victim safety as well as assure the arrestee's appearance at trial. What we hold is that where a financial condition is nonetheless necessary, the court must consider the arrestee's ability to pay the stated amount of bail — and may not effectively detain the arrestee "solely because" the arrestee "lacked the resources" to post bail.[31]

In Mr. Polty's 2018 case, a trial setting conference as well as bail hearings have been continued since Mr. Polty filed his federal petition; and another trial setting conference is currently set for August 11, 2021.[32] In his 2016 criminal case, a discovery hearing which was set for May 17, 2021, was continued "off record," and a trial setting conference scheduled for June 21, 2021, was "Continued Pending Negotiations."[33]

## II. Abstention

---

[31] *In re Humphrey*, 482 P.3d 1008, 1012–13 (Cal. 2021) (quoting *Bearden v. Georgia*, 461 U.S. 660, 667, 668 (1983)).

[32] *Alaska v. Polty,* 3AN-18-10462CR.

[33] *Alaska v. Polty,* 3AN-16-09919CR.

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[34] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[35] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[36]

Mr. Polty claims that the Superior Court is using the delays caused by the pandemic to pressure him into making a plea deal instead of going to trial, and

---

[34] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[35] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[36] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

that he has tried, but not been able, to bring the speedy trial issue in the state courts.[37] Although the Court "is acutely aware of the statistics of how many people continue to be infected, hospitalized, and—tragically—die due to the coronavirus every day, all across the country … the Constitution does not turn on these considerations."[38]

The Court of Appeals for the Ninth Circuit has directly addressed abstention, regarding the claim of a state court violating the right to a speedy trial, explaining:

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[39]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Polty's criminal case in state court remains ongoing. Mr. Polty's allegation, that he is being denied his right to a speedy trial in state court, should

---

[37] Docket 1 at 7.

[38] *United States v. Henning*, ___ F. Supp. 3d ___, 2021 WL 222355, at *8 (C.D. Cal. Jan. 19, 2021).

[39] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo,* 882 F.3d at 764, 766–67).

Case 3:21-cv-00114-RRB, *Polty v. Houser*
Order Directing Service and Response
Page 10 of 16

Case 3:21-cv-00114-RRB   Document 9   Filed 07/19/21   Page 10 of 16

normally be addressed in his state court criminal proceedings.[40] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[41]

Intervention may be required here, where Mr. Polty claims that he is unable to litigate this issue in his 2016 and 2018 state criminal cases.[42] And given the backlog of cases in the state courts as a result of the pandemic, Mr. Polty has little assurance that trial will be held anytime soon.[43]

As the Ninth Circuit has explained, where a petitioner

> alleges that the state is violating his due process right not to be detained pretrial … and that his complete loss of liberty for the time of pretrial detention is 'irretrievable' regardless of the outcome at trial ... then regardless of the outcome at trial, a post-trial adjudication of his claim will not fully vindicate his right to a current and proper pretrial probable cause determination. His claim therefore 'fits squarely within the irreparable harm exception' to *Younger* that we applied in *Arevalo*.[44]

---

[40] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[41] *Page,* 932 F.3d at 903.

[42] Docket 1 at 7.

[43] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

[44] *Page,* 932 F.3d at 904 (quoting *Arevalo*, 882 F.3d at 766).

Case 3:21-cv-00114-RRB, *Polty v. Houser*
Order Directing Service and Response
Page 11 of 16

Mr. Polty remains incarcerated at Goose Creek Correctional Center, for charges initially brought against him in 2016 and 2018.

### III. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[45] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless special circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[46]

Normally, the Court would only address Mr. Polty's speedy trial claim after he fully exhausts his state court remedies.[47] Mr. Polty has responded to the

---

[45] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted *available* state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[46] *Carden*, 626 F.2d at 83–85.

[47] *See, e.g., Stack*, 342 U.S. at 6–7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an

Court's Order to Show Cause asserting that he has been asking to go to trial for years, including the time before trials were postponed as a result of the pandemic.[48] If Mr. Polty has done all he could to exhaust his available state court remedies, the Court may consider his claim. If not, he should do so before filing a federal petition.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is directed to serve the § 2241 Petition and the Response to Order to Show Cause, at Dockets1, 7 and 8, and this Order on:

> Tamara E. DeLucia
> Office of Criminal Appeals
> 1031 W. 4th Ave., Suite 200
> Anchorage, AK  99501-2064

2. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the Respondent. On or before 14 days from service of this Order, once an attorney

---

adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[48] Dockets 7, 8; *see also* Docket 1 at 7 ("I've asked for a trial probably hundreds of times – long before Covid-19, and Alaska refuses to give me a trial.").

Case 3:21-cv-00114-RRB, *Polty v. Houser*
Order Directing Service and Response
Page 13 of 16

Case 3:21-cv-00114-RRB   Document 9   Filed 07/19/21   Page 13 of 16

is assigned to this case by the Office of Criminal Appeals, that attorney shall file a notice of appearance.

3. The Criminal Justice Act (CJA) authorizes the Court to appoint an attorney for a habeas petitioner who cannot afford an attorney. On or before **August 20,2021**, Mr. Polty must file either (1) a request for court-appointed counsel on the enclosed Application for Appointment of Counsel and Financial Affidavit, or (2) a Notice of Intent to Proceed Without Counsel, and to represent himself.

4. The Clerk of Court is directed to send the Court's form PS08, Motion for Appointment of Counsel; a form CJA 23, Financial Affidavit; and a form PS18, Notice of Intent to Proceed Without Counsel, to Mr. Polty with this Order.

5. If Mr. Polty is appointed counsel, that attorney shall review the record, confer with Mr. Polty, and file any amended § 2241 petition within 30 days from the date of service of the Order Appointing Counsel. In the alternative, within this same timeframe, counsel for Mr. Polty will file a notice that no amended petition will be filed.

6. The Office of Criminal Appeals shall file a response within 30 days from service of (1) a notice that Mr. Polty will represent himself; (2) a Court order denying appointment of counsel; (3) a notice filed by Mr. Polty's counsel stating that no amended petition will be filed; or (4) an amended petition filed by Mr. Polty's counsel. Under Rule 5(b) of the Rules Governing Section 2254 and

2255 Cases, the response will address the allegations of the petition, and, in addition, state whether Mr. Polty has used any other available federal remedies to address the issues presented. The Office of Criminal Appeals must also supplement the response with appropriate copies of transcripts, affidavits, and a memorandum of points and authorities material to the issues raised.[49]

      7.    Counsel for Mr. Polty may file a reply to the response within 14 days of service of the State's response.

      8.    There shall be no further briefing on the petition unless ordered by the Court.

      9.    This Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 14 days after the date the Office of Criminal Appeals files a response. A motion for an evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[50]

      10.    No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about

---

[49] Rule 5(c), Rules Governing Section 2254 and 2255 Cases.

[50] *See* D. Ak. HCR 8.1.

the merits of this action. After an attorney is appointed for him or files an entry of appearance on his behalf, all communication with the Court on behalf of Mr. Polty must only be made through filings by his lawyer.

Dated at Anchorage, Alaska, this 19th day of July, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge